ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MS DISTRIBUTORS, LLC<br><br>    Peticionario<br><br><br>    v.<br><br><br>JOSÉ LUIS RODRÍGUEZ CENTENO; YVONNE GISSELLE OTERO; SOCIEDAD DE BIENES GANANCIALES RODRÍGUEZ-OTERO; SYNERGY FACTORY LLC, ET. AL.<br><br>    Recurridos | **KLCE202500178** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm. CO2022CV00197<br><br>Sobre: Solicitud de Interdicto Preliminar y Permanente al amparo de la Ley de Secretos Comerciales, y otras causas de acción relacionadas |

Panel integrado por su presidente, el Juez Hernández Sánchez[2], el Juez Bonilla Ortiz, y el Juez Pagán Ocasio.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 19 de marzo de 2025.

Comparece ante este foro, Synergy Factory, LLC (Synergy o parte peticionaria) y nos solicita que revisemos una *Orden* notificada por el Tribunal de Primera Instancia, Sala Superior de Aibonito, el 23 de enero de 2025. En virtud de esta, el foro primario le impuso una sanción de $200.00 a Synergy. Ello por incomparecencia de su representante legal a la *Conferencia Inicial* celebrada el 23 de enero de 2025.

Por los fundamentos que se exponen a continuación **DENEGAMOS** la expedición del auto de *certiorari*.

I.

---

[1] OAJP-2021-086 del 4 de noviembre de 2021.
[2] Mediante Orden Administrativa OATA-2024-014, se designa al Juez Juan R. Hernández Sánchez, en sustitución de la Jueza Birriel Cardona, quien dejó de ejercer funciones como Jueza del Tribunal de Apelaciones.

El 16 de junio de 2022, MS Distributors LLC presentó una *Demanda* sobre solicitud de interdicto provisional ex parte, preliminar y permanente al amparo de la Ley Núm. 80-2011 intitulada *Ley para la Protección de Secretos Comerciales e Industriales de Puerto Rico*, 10 LPRA sec. 4131, *et seq.*, violaciones al deber de fiducia de un oficial corporativo al amparo de la Ley Núm. 164-2009 también conocida como *Ley General de Corporaciones*, 14 LPRA sec. 3501, *et. seq.*, incumplimiento de contrato, daños, interferencia culposa de terceros, y violaciones al Art. 2.15 de la Ley Núm. 4-2017, intitulada *Ley de Transformación y Flexibilidad Laboral*, 29 LPRA sec. 122n, en contra de Synergy y otros.[3]

Tras varios trámites procesales, el 4 de octubre de 2024, el foro primario notificó una *Orden* en la cual señaló la *Conferencia Inicial* para el 8 de noviembre de 2024, de manera presencial.[4] Así las cosas, el 25 de octubre de 2024, Synergy presentó su *Moción Sobre Transferencia de Vista*.[5] Mediante esta, indicó que para la fecha señalada para la *Conferencia Inicial* estaría fuera de la jurisdicción de Puerto Rico. Por lo cual, solicitó la transferencia de la vista para el 22 de noviembre de 2024, 21, 23 o 24 de enero de 2025, fechas hábiles para los representantes legales de todas las partes. Cónsono con lo anterior, el 7 de noviembre de 2024, el foro primario notificó una *Orden*, en la cual dispuso lo siguiente:

> Ha Lugar, se reseñala Conferencia Inicial para el jueves, 23 de enero de 2025 a las 9:00am presencial.[6]

---

[3] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] *Orden*, Anejo IV, págs. 10-12 del apéndice del recurso.
[5] *Moción Sobre Transferencia de Vista*, Anejo V, págs. 13-14 del apéndice del recurso.
[6] *Orden*, VI, pág. 15 del apéndice del recurso.

Posteriormente, el 22 de enero de 2025, la parte recurrida presentó una *Moción Urgente Solicitando Orden para Poder Comparecer por Videoconferencia*.[7] En esencia, alegó que la vista era sobre el estado de los procedimientos, por lo que entendió que se llevaría a cabo mediante videoconferencia. Además, arguyó que había programado otros compromisos profesionales en el municipio de Ponce en la tarde. En virtud de lo anterior, solicitó que la *Conferencia Inicial* se llevase a cabo mediante videoconferencia, puesto que los representantes legales de las partes estaban distantes del municipio de Aibonito.

Atendida la moción, el 22 de enero de 2025, el foro primario emitió una *Orden* mediante la cual declaró No Ha Lugar la *Moción Urgente Solicitando Orden para Poder Comparecer por Videoconferencia*.[8] Asimismo, expresó lo siguiente:

> No ha lugar, la conferencia inicial se reseñaló el 7 noviembre de 2024 y se informó que sería de manera presencial, entrada [202], reiterado el 20 de noviembre de 2024 [205]. Haga los arreglos correspondientes.

Por su parte, el 22 de enero de 2025, el Lcdo. Luis Rodríguez López (licenciado Rodríguez), representante legal de Synergy, presentó una *Moción Sobre Conferencia Inicial de Mañana*.[9] En síntesis, esbozó que por confusión entendió que la *Conferencia Inicial* era mediante videoconferencia. No obstante, manifestó que tenía una cita médica a las 10:30 am en el municipio de San Juan, por lo que la co-abogada de Synergy, la Lcda. Gladys Sánchez Norat (licenciada Sánchez), quien residía

---

[7] *Moción Urgente Solicitando Orden para Poder Comparecer por Videoconferencia*, Anejo VII, págs. 16-17 del apéndice del recurso.
[8] *Orden,* Anejo VIII, pág. 18 del apéndice del recurso.
[9] *Moción Sobre Conferencia Inicial de Mañana*, Anejo IX, págs. 19-20 del apéndice del recurso.

en Florida, estaba disponible para comparecer a la vista en representación de estos. En virtud de lo anterior, solicitó se celebrara la *Conferencia Inicial* mediante videoconferencia, puesto que no podían comparecer de manera presencial. Así las cosas, el 23 de enero de 2025, el foro primario notificó una *Orden* en la cual declaró No Ha Lugar la *Moción Sobre Conferencia Inicial de Mañana*.[10] A su vez, manifestó que dicha moción incumplió con la Regla 8.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.5.

Celebrada la vista el 23 de enero de 2025, el foro primario indicó que, la parte recurrida presentó una moción en la cual solicitó que se convirtiera dicha vista a videoconferencia.[11] Sin embargo, aclaró que, la moción fue declarada No Ha Lugar, toda vez que la solicitud fue tardía y el caso de epígrafe era del 2022. De igual forma, señaló que recibió una moción del representante legal de Synergy, el licenciado Rodríguez informando que se le imposibilitaba presentarse a la vista. No obstante, declaró la moción No Ha Lugar, puesto que el caso había tenido varios señalamientos de vistas y, estos se habías suspendido. Asimismo, sostuvo que la vista fue señalada con mucho tiempo. Finalmente, reiteró que la moción no cumplió con la Regla 8.5 de Procedimiento Ciivil, *supra*.

Durante la vista, la representante legal de M S Distributors expresó que tenía preocupación en cuanto a la licenciada Sánchez, puesto que no surgía del récord que se hubiera unido a la representación de Synergy. Adicionalmente, esbozó que le resultó difícil poder

---

[10] *Orden*, Anejo X, pág. 21 del apéndice del recurso.
[11] *Minuta*, Anejo XI, págs. 22-23 del apéndice del recurso.

identificarla en el registro único de abogados, porque el número de RUA que se incluyó en la moción no era el correcto. Por tanto, solicitó al Tribunal identificar el estatus de la licenciada Sánchez. En lo pertinente, el foro primario indicó lo siguiente:

> Luego de verificar el estatus de la Lic. Sánchez, se emite orden para que en el término de 3 días la Lic. Gladys Sánchez Norat aclare su estatus como abogada en la jurisdicción de Puerto Rico y como abogada del caso si es que va a asumir representación legal. En cuando a Synergy Factory LLC, se le impone al Lic. Luis M. Rodríguez López una sanción de $250 por su incomparecencia a la vista de hoy, ya que la moción radicada no cumple con la regla y tampoco es justificada, ya que este señalamiento fue hecho con antelación suficiente.

Cónsono con lo anterior, el 27 de enero de 2025, el foro primario notificó una *Orden* en la cual le impuso a Synergy una sanción de $200.00 a pagarse en diez (10) días, toda vez que su representante legal no compareció a la vista señalada para el 23 de enero de 2025.[12] Reiteró que, la moción presentada por el licenciado Rodríguez no cumplió con la Regla 8.5 de Procedimiento Civil, *supra*. Por último, ordenó a la licenciada Sánchez a informar su estatus en la jurisdicción de Puerto Rico y como abogada del caso en el término de tres (3) días. A su vez, reséñalo la *Conferencia Inicial* para el 5 de marzo de 2025 a las 11:00 am, de manera presencial.

Inconforme, el 4 de febrero de 2025, Synergy presentó su *Moción de Reconsideración*.[13] En síntesis, argumentó que la licenciada Sánchez estaba disponible para comparecer a la vista y sustituir al licenciado Rodríguez, por lo que este no solicitó la transferencia

---

[12] *Orden*, anejo I, págs. 1-2 del apéndice del recurso.
[13] *Moción de Reconsideración*, anejo II, págs. 3-8 del apéndice del recurso. Synergy acompañó dicha moción con una excusa médica.

o suspensión de esta. Admitió que, cometió un error humano, de buena fe y subsanable al anotar que la vista era por videoconferencia. Sostuvo que, su intención nunca fue dilatar los procesos ni desobedecer al Tribunal. Reafirmó que, al no solicitar la transferencia o suspensión de la vista, no era necesario consultar con los representantes legales de las otras partes y proveer fechas alternas conforme a la Regla 8.5, *supra*. Por tanto, razonó que no procedía la imposición de la sanción, puesto que la asistencia a una cita médica era una causa justificada para solicitar la comparecencia mediante videoconferencia. En virtud de lo anterior, solicitó se dejase sin efecto la sanción impuesta.

Así las cosas, el 5 de febrero de 2025, el foro primario notificó una *Orden* en la cual indicó lo siguiente:

> La solicitud de comparecer por videoconferencia fue declarada No ha lugar, como bien reza la regla 37.2 citada en su moción.
>
> "De todas las partes estar de acuerdo y a discreción del juez o jueza, esta, podrá celebrarse mediante conferencia telefónica, videoconferencia o cualquier otro método electrónico a distancia que garantice la simultaneidad del proceso."
>
> La sanción impuesta fue por la incomparecencia injustificada a la vista. Se le conceden cinco (5) días a partir de esta notificación para pagar la misma.[14]

Aún inconforme, el 21 de febrero de 2025, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa y señaló los siguientes errores:

> Erró el honorable Tribunal de Primera Instancia a negar la solicitud de comparecencia mediante video conferencia a la Conferencia Inicial alegando que dicha

---

[14] *Orden*, anejo III, págs. 8-9 del apéndice del recurso.

solicitud incumplió con la Regla 8.5 de Procedimiento Civil

Erró el honorable Tribunal de Primera Instancia al determinar que la incomparecencia del Lcdo. Luis Manuel Rodríguez López a la Conferencia Inicial fue injustificada e imponer sanción de $200.00 a Synergy por dicha incomparecencia.

El 4 de marzo de 2025, emitimos una *Resolución* mediante la cual concedimos quince (15) días a la parte recurrida para comparecer por escrito a presentarnos su postura. Transcurrido el referido término, la parte recurrida no compareció. Así declaramos perfeccionado el recurso de epígrafe y procedemos a disponer de la cuestión planteada, sin necesidad de trámites ulteriores.

## II.

## -A-

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además: *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez,* supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en

ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, nuestro Tribunal Supremo ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### III.

En síntesis, la parte peticionaria alega que el foro primario erró al negar la solicitud de comparecencia mediante video conferencia a la Conferencia Inicial alegando que dicha solicitud incumplió con la Regla 8.5 de Procedimiento Civil, *supra*. A su vez, aduce que el foro primario incidió al determinar que la incomparecencia del licenciado Rodríguez a la *Conferencia Inicial* fue injustificada e imponer sanción de $200.00 a Synergy por dicha incomparecencia.

Ahora bien, examinado el recurso de *certiorari* en conjunto con los escritos que obran en el expediente, a tenor con los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que este caso no amerita nuestra intervención en esta etapa. En este sentido, es norma reiterada que

los foros revisores no intervendremos con las determinaciones de los tribunales revisados, a menos que estas sean contrarias a derecho o exista un abuso de discreción. A tales efectos, el peticionario no demostró que el foro primario haya aplicado el derecho incorrectamente, abusado de su discreción o alguna otra razón para justificar nuestra intervención. Por lo cual, procede denegar el recurso de *certiorari*.

IV.

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones